KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
4/18/2018 9:54 AM
By: Isabel Navarro, Deputy

[ADDITIONAL PLAINTIFF'S COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiff,*
Janette Deremo

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA BARBARA -- COOK -- LIMITED CIVIL CASE

| | |
|---|---|
| JANETTE DEREMO,<br><br>Plaintiff,<br><br>v.<br><br>FIRST SAVINGS BANK; AND, DOES 1-20, INCLUSIVE,<br><br>Defendant. | Case No.: 18CV01973<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>I.   THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.; AND,<br><br>II.  THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.<br><br>**JURY TRIAL DEMANDED**<br><br>**LIMITED – UNDER $25,000.00** |

Case No.:                                          *Deremo v. First Savings Bank, et al.*
PLAINTIFF JANETTE DEREMO'S COMPLAINT FOR DAMAGES FOR DEFENDANT FIRST
SAVINGS BANK'S VIOLATIONS OF THE RFDCPA; AND, THE TCPA

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff JANETTE DEREMO ("Plaintiff"), by and through her attorneys of record, brings this action to challenge the conduct of FIRST SAVINGS BANK ("Defendant"), with regard to attempts by defendant to unlawfully and abusively collect a debt allegedly owned by Plaintiff and this conduct caused Plaintiff damages through Defendant's negligent and/or willful contact to Plaintiff's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper because the events leading to Plaintiff's cause of action occurred in Santa Barbara County and the State of California.

5. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* ("RFDCPA"); and, (ii) the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

6. Because Defendant conducts business within the State of California, personal jurisdiction is established.

7. Venue is proper.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Santa Maria, County of Santa Barbara, State of California.

9. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2 (h).

10. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of Nebraska and is a person as defined by 47 U.S.C. § 153 (10).

12. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect, directly or indirectly, debts on their own behalf, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c), and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2 (f).

14. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474. Plaintiff is informed and believes, and thereon alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

15. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 20, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

16. Plaintiff alleges that at all times relevant herein Defendant conducts business in the State of California and in the County of Santa Barbara, and within this judicial district.

## FACTUAL ALLEGATIONS

17. Sometime prior to March 2018, Plaintiff allegedly incurred financial obligations to Defendant, account number ending in 7146, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

18. On March 20, 2018, Plaintiff informed Defendant via certified mail that Plaintiff refused to pay Plaintiff's alleged debt to be owed to Defendant regarding account number ending in 2608.

19. Thereafter, Defendant received Plaintiff's refusal to pay letter on March 24, 2018 at 5:52 a.m.

20. Despite receiving Plaintiff's written request, Defendant has continued to repeatedly contact Plaintiff with regard to Plaintiff's alleged debt, including, but not limited to, multiple telephonic communications on March 30, 2018; April 5, 2018; and, April 9, 2018.

21. Such contact after a refusal to pay letter was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

22. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to the artificial or prerecorded message to Plaintiffs as prohibited by 47 U.S.C. § 227(b)(1)(A).

23. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. On information and belief, Defendant's telephone system utilized to contact Plaintiff is a predictive dialer.

25. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
27. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.
28. Even if Defendant initially had "prior express consent" to contact Plaintiff, said consent was revoked by Plaintiff's refusal to pay letter.
29. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

30. Plaintiff incorporates by reference all of the above paragraphs Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
31. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
32. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## SECOND CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.
## [AGAINST ALL DEFENDANTS]

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.
### [AGAINST ALL DEFENDANTS]

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually; and,
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 18, 2018

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: /s/ Matthew M. Loker
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022